M. GREEN, *et al,* Assignees of C. Ai, Bankrupt, *vs.* ASIONA, *et al,* Minor sons of said Bankrupt.

IN EQUITY. BEFORE JUDD, J.

MARCH, 1879.

Assignees in bankruptcy, suing to set aside a conveyance as in fraud of creditors, held not to have a plain and adequate remedy at law.

Equity can decree conveyance of a minor's interest in land, where the conveyance to the minor was fraudulent.

The assignees need not aver that the minor's lands are needed to satisfy debts of the estate: but the Court orders the bill held till the assignees file a report showing condition of the estate.

DECISION OF JUDD, J.

The bill is demurred to on the grounds:

1. That the Court cannot decree the conveyance of an infant's land:

2. That there is no averment in the bill that the assignees in bankruptcy are unable to obtain full satisfaction of the debts owing by the bankrupt without resort to the lands or the minor's title therein:

3. That the complainants have a plain, adequate and complete remedy at law.

I will consider the third ground of demurrer first. The remedy at law by a suit in ejectment is not "plain," for the bill alleges that the bankrupt procured the conveyance from the grantor to his minor sons, he paying the purchase money in fraud of the rights of existing creditors, and therefore he never had the title to this land.

The remedy at law is not "adequate and complete," for the complainants would not be entitled at law to have the conveyance treated as a nullity because made in fraud of the rights of existing creditors, for the creditors are interested only so far as they can show that the bankrupt invested money in the purchase of this land and improvements thereon which he ought to

have paid over to them. The value of the land over these must enure to the benefit of the minors as a voluntary settlement in their favor.

As to the first ground of demurrer. The respondent relies upon certain Massachusetts decisions where it has been held that the Court cannot make decree against infants for the conveyance of their real estate so long as they are minors. I find that in the case of *Whitney vs. Stearns,* 11 Met., 321, the Court declined jurisdiction on the ground that the statute did not confer general jurisdiction in equity in matters of fraud. A later statute in Massachusetts (1855) confers that jurisdiction, however, and our statute of 1878 is similar. This would be an additional reason for overruling the third ground of demurrer, for our statute confers jurisdiction on Courts of Equity in matters of fraud.

The case of *Coffin vs. Heath,* 6 Met., 77, asserts the proposition broadly that the Court could not enforce a claim for contribution against the estate of a minor during his minority, on the principle that the infant is entitled to a day in court after attaining his majority to show cause, and the statute gave no authority to the guardian to sell the estate for such a purpose or to mortgage it, as security for the lien sought to be enforced.

In this last case there was no element of fraud. Story lays down the doctrine plainly that it is "inconsistent with the good faith which a debtor owes his creditors to withdraw his property voluntarily from the satisfaction of their claims, and no man has the right to prefer the claims of affection to those of justice." 2 Story Eq., §355.

"If a man indebted was allowed to divest himself of his property in favor of his wife or his children, his creditors would be defrauded." Ib. §357.

I know of no cases where a Court of Equity has declined to decree a conveyance of a minor's interest where the conveyance was fraudulent. Such a ruling would enable a debtor to put his land beyond the reach of his creditors, a proceeding which it would be extremely unjust to protect.

As to the second ground of demurrer. I do not think such an averment necessary in the bill, for the presumption would be that a bankrupt's estate is insufficient to meet his obligations, and his assignees have a right to proceed as they did.

But that there may be no question on this point I think it better to hold the bill until the Report of the Assignees shall have come in, when it will appear whether they need the property in controversy with which to discharge the debts of their bankrupt.

Demurrer overruled and the bill held for further proceedings after the Assignees' Report is in.

*Preston & Brown,* for complainants.

*A. S. Hartwell,* for respondent.

Honolulu, March 14th, 1879.